Argued and submitted August 20, affirmed December 22, 1993, reconsideration denied February 16, petition for review denied April 12, 1994 (318 Or 661)

# TONY DEAN HOUCK
*Petitioner,*

*v.*

# BOARD OF PAROLE AND POST-PRISON SUPERVISION,
*Respondent.*

(CA A76329)

865 P2d 476

Irene B. Taylor, Deputy Public Defender, argued the cause for petitioner. On the brief were Sally L. Avera, Public Defender, and Lawrence J. Hall, Deputy Public Defender.

Harrison Latto, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

In 1988, petitioner was placed on probation after he was convicted of possession of a controlled substance and sexual abuse in the first degree. In 1991, his probation was revoked, and he was sentenced to two 5-year prison terms, each with a 2 1/2 year minimum, to be served consecutively. He seeks review of the order of the Board of Parole and Post-Prison Supervision that sustained both minimum terms and set his initial release date to follow 60 months of incarceration. We affirm.

Petitioner argues that upholding the 60-month minimum term violates ORS 137.551, enacted as part of the sentencing guidelines implementing legislation. That statute requires the Board to issue rules regarding probation revocation that comply with sentencing guidelines. Petitioner's position is that, under Oregon Laws 1989, chapter 790, section 28, a court has authority to impose a minimum term of imprisonment only for offenders convicted of a crime committed before November 1, 1989. Therefore, he argues, because a minimum sentence is not authorized under the guidelines, the Board's upholding a minimum term violates ORS 137.551.

When probation is revoked for offenses sentenced under the guidelines, the limits on prison terms do not apply for offenses committed before November 1, 1989.[1] For those offenses, a sentencing court is authorized to "impose any sentence which originally could have been imposed." ORS 137.550(4)(a)(B). Under that authority, the court here imposed minimum terms. Contrary to petitioner's argument,

---

[1] Revocation of probation for guideline sentences is governed by OAR 253-10-002, which provides, in part:

"(1) For those offenders whose presumptive sentence was probation, the sentence upon revocation shall be a prison term up to a maximum of six months.

"(2) For those offenders whose probationary sentence was either a departure from a presumptive prison sentence or a sentence imposed pursuant to OAR 253-05-006, the sentence upon revocation shall be a prison term up to the maximum presumptive prison term which could have been imposed initially.

"* * * * *

"(4) No revocation sanction may exceed the limitations established by this rule."

Under the rules, petitioner's maximum term of incarceration would be 21 to 22 months.

ORS 137.551 does not preclude the Board from upholding those minimums.

ORS 137.551 provides:

"(1)   The State Board of Parole and Post-Prison Supervision shall adopt rules to establish release dates for revocations of probationary sentences imposed for felonies committed before November 1, 1989.

"(2)   *To the extent permissible under law*, the release dates for revocation of probationary sentences imposed for felonies committed before November 1, 1989, shall be set consistent with sanctions for probation revocations as provided by rules of the State Sentencing Guidelines Board for felonies committed on or after November 1, 1989." (Emphasis supplied.)

That statute does not require the Board to set all parole release dates in accordance with guidelines rules but irrespective of any other laws. Instead, it provides that the sentences shall be consistent with the rules "[t]o the extent permissible under law[.]" Because the court imposed minimum terms here, the law requires the Board first to determine whether those terms should be overridden before it sets a parole release date. ORS 144.110(2)(a). OAR 255-35-014,[2] the

---

[2] OAR 255-35-014 provides, in part:

"To the extent permissible under law, for those offenders who committed crimes prior to November 1, 1989 and the court revoked the previously ordered probation November 1, 1989 or later, the Board shall:

"(a)   make the findings of fact listed in OAR 255-35-013 pursuant to Divisions 30 and 35 of the Board of Parole and Post-Prison Supervision rules; and

"(b)   make findings of fact pursuant to the Sentencing Guidelines Grid and applicable rules found in OAR Chapter 253 and herein incorporated by reference including:

"(A)   crime category * * *;

"(B)   criminal history * * *;

"(C)   guideline ranges * * *;

"(D)   aggravating or mitigating factors, if any * * *;

"(E)   upholding or overriding minimum sentences;

"(F)   summing of consecutive ranges * * *; and

"(c)   except when the Board upholds a minimum sentence or denies parole, set the prison term pursuant to:

"(A)   the Sentencing Guidelines Grid (253-10-002, 253-05-006, Appendix 1), to the extent permissible under law, if the resultant prison term would be

Board's rule implementing ORS 137.551, incorporates that statutory requirement.

■■    Under OAR 255-35-014, if the Board sustains an offender's minimum sentence, it sets the release date at the expiration of the minimum. However, if the offender received no minimum sentence, or if the Board overrides the minimum, the rule applies to establish a release date in accordance with the guidelines or under the matrix, whichever prescribes a shorter sanction. Because the Board sustained petitioner's minimum terms here, it was not required to apply the guidelines.

Petitioner's remaining assignments of error do not require discussion.

Affirmed.

---

shorter than it would be under the Board of Parole Matrix Guidelines and applicable rules;

"(B)   the Matrix Guidelines (255-35-013) if the resultant prison term would be shorter than it would be under the Sentencing Guidelines Grid and applicable rules.

"(2)   When the Board upholds a judicially or statutorily set minimum sentence which is longer than the prison term would otherwise be under the Sentencing Guidelines Grid, the Board shall set the prison term at minimum sentence.

"(3)   When the court orders a sentence shorter than the applicable prison term, the Board shall apply OAR 255-35-025."